482    APPELLATE COURTS OF ILLINOIS.

Goerz Am. O. Co. v. Jackson & Semmelmeyer, 175 Ill. App. 482.

## C. P. Goerz American Optical Company, Appellee, v. Jackson & Semmelmeyer et al., Defendants, on Appeal of Eleanor M. Semmelmeyer, Appellant.

### Gen. No. 17,931.

1. CORPORATIONS—*time when foreign corporation may qualify to do business.* A foreign corporation by contract appointed a sales agent and upon the termination of the contract obtained a temporary injunction restraining the agent from using complainant's name in advertising and from selling or disposing of goods on hand. After the termination of the contract and prior to filing the bill complainant obtained a license to do business in the state. *Held,* that the fact that complainant was not authorized to do business in the state while the contract was in force was no ground for dissolving the injunction.

2. INJUNCTIONS—*when officer of corporation is proper party defendant.* Where, upon the termination of a contract appointing a corporation a sales agent, a bill is filed to restrain the corporation from using complainant's name in advertising and from selling or disposing of goods on hand, a secretary of the corporation who is interested in and actively engaged in the business is properly named in the bill as a defendant.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 16, 1912. Rehearing denied December 4, 1912.

GEORGE N. B. LOWES and FRED D. JACKSON, for appellant.

SILBER, ISAACS, SILBER & WOLEY, for appellee; FREDERICK SILBER, of counsel

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal by Eleanor M. Semmelmeyer from an order of the Superior Court entered July 8, 1911, denying her motion to dissolve a temporary injunction theretofore issued at the instance of the C. P.

Goerz American Optical Company, a New York corporation, restraining Jackson & Semmelmeyer, a corporation, together with Fred D. Jackson, its president and general manager, and the appellant, its secretary, and one of the active managers of its business, from using or displaying the name of the complainant upon the premises or doors or windows of the premises occupied by the defendant corporation in the city of Chicago; from using the name of complainant upon the letter-heads, stationery, or advertising matter of the defendants, and from selling, disposing of, or attempting to sell, dispose of, convert, trade, exchange, give away or otherwise part with certain property consisting of photographic lenses, cameras, etc., particularly described in the bill of complaint.

The bill alleges that on October 30, 1908, the complainant entered into a written contract with the defendant corporation, whereby complainant appointed the defendant corporation its exclusive sales agent in Cook county for one year to sell upon commission certain goods consigned to it by complainant. A copy of the contract is embodied in the bill. The bill further alleges that during the period of almost a year following the date of said contract complainant consigned to the defendant corporation a large quantity of the goods manufactured and sold by complainant, from which goods said defendant corporation made sales to its customers and made some reports to complainant, as required by said contract, and thereafter from time to time paid complainant as required by said contract for the goods or portions thereof which said defendant had sold and reported sold to complainant; that acting under the terms of said contract complainant gave the defendant corporation 60 days notice of its election to terminate the same, and said contract was thereby terminated on October 30, 1909; that on November 1, 1909, Burke & James became the Chicago agents of complainant with the sole and exclusive right to handle its goods; that within a month prior

to October 30, 1909, the defendant, Jackson, purporting to act for the defendant corporation threatened that he would not discontinue handling the goods manufactured and sold by complainant which he had on hand on November 1, 1909, and that he would make complainant as much trouble as he could in the Chicago market in respect to the sale of complainant's goods; that about November 1, 1909, said Jackson stated to a representative of complainant that he did not have the goods belonging to complainant in the store of the defendant corporation and had hidden and secreted said goods and intended to dispose of the same at large and unusual discounts from the regular prices thereof. The bill further charges the defendant corporation with having made untruthful reports of sales of goods consigned to it by complainant and with asserting unfounded claims for unliquidated damages as an off-set against the money due complainant on account of goods sold by the defendant corporation, and asks for an accounting. The bill further charges that the defendant corporation is advertising the name of complainant upon the door of the store of defendant corporation in Chicago and is advertising itself upon its letter-heads and stationery as agent of complainant. The bill is voluminous and sets out the transactions involved in detail, but the foregoing statement of its contents is sufficient for the purpose of determining the controlling question involved on this appeal.

The hearing upon the motion of the appellant, Eleanor M. Semmelmeyer, to dissolve the temporary injunction, was had upon the bill and proofs consisting of an affidavit and certain depositions.

Appellant's main contention in support of her insistence that the motion to dissolve the injunction was improperly denied, is that at the time the contract set up in the bill was entered into, and during the time said contract was in force by its terms, appellee, the C. P. Goerz American Optical Company, was a New

York corporation transacting business in this state, although not duly authorized and licensed so to do, and was, therefore, inhibited from maintaining in the courts of this state any suit or action based upon such contract.

The bill upon which the preliminary injunction was granted was filed November 16, 1909, and on November 8th, preceding, appellee was duly authorized and licensed to transact business in this state. Upon this appeal we are not concerned with any feature of the bill or with any relief prayed therein, save such as relates to the injunction in question. It may be conceded that prior to November 8, 1909, appellee was transacting business in this state without license or authority so to do and yet appellee is entitled to a continuance of the injunction sought to be dissolved until a final hearing upon the merits. The question involved is to be determined by the existing status of the parties at the time of the filing of the bill. The proof discloses that at the time the bill was filed appellee was the owner and entitled to the possession of the property in question, then in the possession or under the control of the defendant corporation, without any reference to the contract set up in the bill, and that said corporation was then doing or threatening to do the acts inhibited by the injunction. A corporation can only act through its officers or agents and appellant, as secretary of the defendant corporation and interested in and actively engaged in its business, was properly named in the bill as a defendant, and with her co-defendants was not improperly enjoined.

It is not necessary on this appeal to consider and determine the other questions sought to be raised. Appellant's motion to dissolve the injunction was properly denied and the order will be affirmed.

*Order affirmed.*